UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON M. OGLETREE, | ) | CASE NO. 1:16CV01929 |
| Plaintiff, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CUYAHOGA COMMUNITY COLLEGE, | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |
| | ) | (Resolves Docs. 19 and 23) |

This matter comes before the Court on a motion for judgment on the pleadings filed by

Defendant Cuyahoga Community College ("Tri-C"). Also pending before the Court is a motion to

amend the complaint filed by Plaintiff Aaron Ogletree. The motion to amend (Doc. 23) is

DENIED. The motion for judgment on the pleadings (Doc. 19) is GRANTED.

## I.    LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not

to delay trial – a party may move for judgment on the pleadings." The standard for evaluating a

motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under

Rule 12(b)(6) for failure to state a claim. *Ziegler v IBP Hog Market, Inc.*, 249 F.3d 509, 511-12

6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in

*Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff
> must plead in order to survive a Rule 12 (b)(6) motion. *Bell Atl. Corp. v. Twombly*,
> 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the
> grounds of his entitlement of relief requires more than labels and conclusions, and
> a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-
> 65. (citations and quotations marks omitted). Additionally, the court emphasized
> that even though a complaint need not contain "detailed" factual allegations, its
> [f]actual allegations must be enough to raise a right to relief about the speculative
> level on the assumption that all the allegations in the complaint are true." *Id.*
> (internal citation and quotation marks omitted). In so holding, the Court disavowed

1

the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, the Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). The Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Additionally, the Court may deny leave to amend if the amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). In the instant matter, the proposed amendment would not withstand the pending motion for judgment on the pleadings. Accordingly, amending would be futile.

## II.  FACTUAL BACKGROUND

Plaintiff claims that Defendant engaged in reverse discrimination under the Age Discrimination Act of 1975 by refusing to allow Plaintiff to apply to Tri-C's Basic Police Academy ("BPA").  At the time of Plaintiff's complaint, Plaintiff was an eighteen year old student at the college. Plaintiff contacted Nancy Nekoranek, the Program Coordinator at the BPA, regarding how

to begin his application to the BPA, and stated he was eighteen years old. Nekoranek informed Plaintiff that the BPA has a practice of not accepting candidates under twenty years old because a candidate who does not receive a commission within twenty four months of passing the State Certification Examination must repeat the Academy and a State of Ohio police officer must be twenty one years old. Nekoranek additionally informed Plaintiff that Defendant also has a Private Security Academy available to those who are eighteen years old with a high school diploma or G.E.D. Plaintiff subsequently filed a complaint with the U.S. Department of Education Office of Civil Rights alleging reverse age discrimination based on the BPA's age requirement; the investigation of which is still pending. Plaintiff also filed suit in state court requesting relief in the form of damages and injunctive relief by which he would be permitted to apply to the BPA. Plaintiff also sought to require fair admissions practices for other underage students who also wish to apply. Upon the case's removal to federal court, a case management conference was held during which Defendant informed the Court that a settlement offer had been made to Plaintiff which would allow Plaintiff to apply to the BPA. Plaintiff failed to respond to Defendant's offer within the given thirty days but informed Defendant just prior to a second case management conference that he would be rejecting the offer. Plaintiff has since turned twenty years old, has not applied to the BPA nor to the Private Security Academy, and is not currently enrolled at Defendant.

As noted above, Defendant has sought judgment on the pleadings, and Plaintiff has requested leave to amend his complaint, asserting in part that his amended complaint more accurately and concisely describes the basis for his claims. Both motions are ripe for the Court's review.

# III.    ANALYSIS

The jurisdiction of federal courts is limited to "cases" and "controversies." U.S.Const. art. III, § 2, cl. 1. This is "a cradle-to-grave requirement" that must be satisfied at the time a plaintiff first brings suit and must remain satisfied throughout the case. *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 566–67 (6th Cir. 2013) (citing *Fialka–Feldman v. Oakland Univ. Bd. of Tr.*, 639 F.3d 711, 713 (6th Cir. 2011)). The plaintiff must demonstrate he has a "legally cognizable interest" in the case's outcome. *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013)). If the plaintiff subsequently loses such a legally cognizable interest, in which it is no longer possible for the court to grant effective relief, then the case must be dismissed as moot. *Id.* (citing *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)).

Since filing his original complaint, Plaintiff has lost his legally cognizable interest in the case's outcome. Plaintiff's primary form of relief requested was an injunction permitting him to apply to the BPA. Plaintiff turned twenty years old, thus reaching the requisite age for application to the BPA, on January 2, 2017. Plaintiff, being the necessary age where he is capable of applying to the BPA, no longer has any need to rely on the Court to obtain the requested relief. Therefore, the case must be dismissed as moot.[1]

Plaintiff seeks to avoid this result by asserting that he was requesting additional injunctive relief in the form of fair admissions practices for other students under twenty one years old, presumably meaning that the BPA must allow eighteen year olds, or those with a high school diploma or G.E.D. who are younger than twenty, to apply to the BPA. A plaintiff seeking a

---

[1] The Court would note that prior to Plaintiff's twentieth birthday, Defendant made Plaintiff a settlement offer by which Plaintiff would be allowed to apply to the BPA. This offer arguably serves as an independent ground to find mootness herein.

permanent injunction must satisfy a four-factor test: (1) that the plaintiff has suffered an irreparable injury, (2) that monetary damages are inadequate compensation for the injury received, (3) that upon the balancing of hardships between the parties, a remedy in equity is warranted, and (4) that public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff has failed to address any of the requirements for a permanent injunction, and thus his additional claim for injunctive relief necessarily must fail.

Also pending before the Court is Plaintiff's motion to amend his complaint. Here, Plaintiff's amended complaint would not withstand a motion for judgment on the pleadings and thus is futile. Plaintiff asserts that his amended complaint more accurately and concisely states the basis for his claims. However, amending the original complaint does not change the fact that Plaintiff no longer has a legally cognizable interest in the outcome of the case, nor the fact that the Court is unable to grant him effective relief. Additionally, the amended complaint, which has received neither Defendant's consent, nor the Court's leave, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, still does not demonstrate that Plaintiff is entitled to a permanent injunction on behalf of other underage prospective applicants to the BPA. While Rule 15(a)(2) states that leave to amend should be freely given when justice so requires, justice does not require granting leave in the instant case, because no justice is served by granting leave to amend a complaint that remains moot.

## IV.    CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's motion to amend the complaint is DENIED.    Accordingly, the complaint is hereby DISMISSED.


IT IS SO ORDERED.


Date:  <u>August 16, 2017</u>                    <u>*/s/ John R. Adams*</u>
                                                    Judge John R. Adams
                                                    UNTIED STATES DISTRICT COURT